IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JARVIS ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION and NEWREZ, LLC, <br><br> Defendants. | Civil Action No. 25-17404 (RMB-EAP) <br><br> OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

 **THIS MATTER** comes before the Court on a Motion for a Temporary Restraining Order and Preliminary Injunction filed by *pro se* Plaintiff Jarvis Robinson ("Plaintiff") pursuant to Federal Rule of Civil Procedure 65. [Docket No. 2.] The gravamen of Plaintiff's requests is to prevent a foreclosure sale of 51 Cohansey Road, Bridgeton, New Jersey 08302 (the "Property") currently scheduled for December 29, 2025. *See* [*id.*] For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I. BACKGROUND**

 On November 13, 2025, Plaintiff initiated this action against Defendants PHH Mortgage Corporation and Newrez, LLC, alleging malfeasance in connection with a mortgage loan modification program that has purportedly resulted in the ill-begotten foreclosure sale scheduled for December 29, 2025. *See* [Compl.] To halt the sale, Plaintiff filed the pending Motion alongside the Complaint. [Docket No. 2.] Finding that critical issues left unaddressed by Plaintiff precluded resolution of the Motion, the Court noted the following deficiencies and ordered Plaintiff to respond tout suite: (1) the absence of "specific

facts in an affidavit or a verified complaint" in support of the TRO request; (2) no indication that Newrez, LLC, received sufficient notice of the pending Motion, or, as to the TRO, a "certifi[cation] in writing [of] any efforts made to give notice and the reasons why it should not be required"; (3) lack of "short and plain" statements supporting Plaintiff's claims in the Complaint; (4) Plaintiff's conclusory entitlement to preliminary injunctive relief because he "has a strong case"; and (5) doubts over this Court's jurisdictional authority to grant the requested relief because of a state court Final Judgment permitting third-party Deutsche Bank, as mortgage holder of the Property, to execute a foreclosure sale, and, therefore, whether PHH Mortgage Corporation, as the mortgage *servicer*, and Newrez, LLC, whose relation to the Property is not articulated, are proper defendants. [Docket No. 13 (internal citations omitted).] On December 22, 2025, Plaintiff filed a Response to the Court's concerns. [Docket. No. 14.]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. FED. R. CIV. P. 65; *Vuitton v. White*, 945 F.2d 569, 573 (3d Cir. 1991). Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (internal citation omitted) ("[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). To obtain relief, the moving party must show: (1) a likelihood of success on the merits; (2) they will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater

harm to the nonmoving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004) (citation omitted).

"While courts must balance all four factors, this Circuit has placed significant weight 'on the probability of irreparable harm and the likelihood of success on the merits' factors." *Ireland v. Hegseth*, 772 F. Supp. 3d 560, 564 (D.N.J. 2025) (first citing *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982); and then quoting *FM 103.1, Inc. v. Universal Broad.*, 929 F. Supp. 187, 193 (D.N.J. 1996)); *see also Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)) ("The first two factors are 'gateway factors': A plaintiff must satisfy them both to be eligible for preliminary relief."). Of course, the "[f]ailure to establish any element renders the remedy inappropriate." *Cotz v. Gutierrez-Scaccetti*, No. CV 19-22075-MAS-ZNQ, 2020 WL 1284755, at *3 (D.N.J. Mar. 18, 2020) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

Bearing in mind Plaintiff's *pro se* status, the Complaint and pending Motion are "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Plaintiff is therefore not exempt from complying with federal pleading standards and Rule 65. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### III. DISCUSSION

Setting aside the procedural prerequisites mandated by Rule 65, Plaintiff's request for preliminary injunctive relief must be denied because he does not demonstrate the likelihood of success on the merits for three distinct reasons.

*First*, as is his burden, Plaintiff has not assuaged this Court of its subject matter jurisdiction to grant the relief he seeks. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction."). "In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment."[1] *Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-CV-8953, 2018 WL 1128498, at *4 (D.N.J. Mar. 1, 2018) (collecting cases); *see Pitts v. Bayview Loan Servicing, LLC*, No. 18-CV-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018) (internal citation omitted) (explaining that requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine"). Thus, to the extent Plaintiff "seeks to 'appeal from' the state court's foreclosure judgment," which appears likely in light of the Final Judgment from which Plaintiff may not have appealed in state court, the requested preliminary injunctive relief may be jurisdictionally barred under the *Rooker-Feldman* doctrine. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F.

---

[1] The *Rooker–Feldman* doctrine embodies the following principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *Marks v. Stinson*, 19 F.3d 873, 885 n.11 (3d Cir. 1994) (internal citation and quotation marks omitted).

App'x 149, 153 (3d Cir. 2008); *see* [Docket No. 11-2, at 5]; *Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred district court from hearing claims that would negate state court judgment in foreclosure action); *Dansby v. Bleiweis*, No. CV 23-00403 (JXN) (MAH), 2024 WL 1092508, at *4 (D.N.J. Mar. 13, 2024) ("Moreover, to the extent that Plaintiff's claims ask this Court to redress an injury caused by the State Court [foreclosure] judgment, the *Rooker–Feldman* Doctrine also bars Plaintiff's claims.").

What is more, the Final Judgment empowers third-party Deutsche Bank, the mortgage holder of the Property, to foreclose, which raises the issue of whether Defendants have a legally-redressable role in the foreclosure sale of the Property.  Put simply, what legal effect would an order of this Court have on Defendants to freeze the sale if neither is involved and powerless to do so?  This concern, known as standing in federal court, also operates on this Court's jurisdiction.  *See Diamond Alt. Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 110 (2025) (internal citations omitted) ("Article III of the Constitution confines the jurisdiction of federal courts to 'Cases' and 'Controversies.'  For a lawsuit to constitute a case within the meaning of Article III, the plaintiff must have standing to sue."); *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009) (internal citation and quotation mark omitted) ("Redressability is the final element of constitutional standing.  The redressability prong thus requires a showing that the injury will be redressed by a favorable decision.").

Each of these jurisdictional considerations was brought to Plaintiff's attention in the Court's prior Order, only to be met by silence in the Response.  *See* [Docket Nos. 13–14.] Because a "court may not consider a motion for a TRO or preliminary injunction without first being satisfied that it has subject matter jurisdiction," the pending Motion must be denied. *Michalopoulos v. United States*, No. CV 2025-0017, 2025 WL 1918016, at *4 (D.V.I. July 12,

2025) (quoting *Dudley Assocs., Ltd. v. Vanguard Grp.*, 1996 WL 509847 at *3 (E.D. Pa. Sept. 9, 1996)).

*Second*, Plaintiff's Response is not much more than a laundry list of legal claims completely shorn of factual support; nor is there any attempt to incorporate and explain the 82 pages of exhibits attached to the Complaint. *See* [Docket No. 14.] The Response is simply otiose and does not ameliorate the Complaint's infidelity to Rule 8's "short and plain" statement requirement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted) ("[Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level …."). Even assuming this Court possessed subject matter jurisdiction to grant the requested preliminary injunctive relief, the question remains: the likelihood of success on the merits of *what* exactly? *See id.* (internal citation and quotation mark omitted) ("Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity as to give the defendant fair notice of what the … claim is and the grounds upon which it rests.").

*Third* and derivatively, Plaintiff fatally reiterates his meritorious likelihood simply because he "has a strong case". [Docket No. 14, at 2.] Conclusory, boilerplate declarations such as this do not demonstrate Plaintiff's entitlement to the "extraordinary remedy" of preliminary injunctive relief in federal court. *AT&T*, 42 F.3d at 1426–27; *Winter*, 555 U.S. at 22.

## IV.   CONCLUSION

Given his *pro se* status and for the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED WITHOUT**

**PREJUDICE.** The Court appreciates the obstacles self-representation entails and highly advises Plaintiff, if he has not already done so, to visit the District Court's website for *pro se* parties at **https://www.njd.uscourts.gov/filing-without-attorney** to better acquaint himself with federal court practice. Because his requests are being denied without prejudice, Plaintiff should also note that he is not prohibited from filing another request for preliminary injunctive relief, albeit making sure to fully understand his burden as well as the reasoning of the Court's Orders and Opinion thus far, if he elects to do so. An accompanying Order shall issue.

<u>**December 29, 2025**</u>  
Date

/s/Renée Marie Bumb  
RENÉE MARIE BUMB  
Chief United States District Judge