[Docket Nos. 11, 18, 21, 23]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JARVIS ROBINSON,<br>Plaintiff,<br>v.<br><br>PHH MORTGAGE CORPORATION and NEWREZ, LLC,<br>Defendants. | Civil No. 25-17404-RMB-EAP<br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant PHH Mortgage Corporation ("PHH") [Docket No. 11 (the "Motion to Dismiss")], a Motion for Leave to File Supplemental Complaint [Docket No. 18 (the "Motion for Leave to Amend")] and a Motion for Default Judgment as to Defendant NEWREZ, LLC, ("NEWREZ") [Docket No. 21 (the "Motion for Default Judgment")] filed by *pro se* Plaintiff Jarvis Robinson ("Plaintiff"), and a Cross-Motion to Vacate Default and in Opposition to Plaintiff's Motion for Entry of Default Judgment [Docket No. 23 (the "Cross-Motion to Vacate")] filed by NEWREZ.

Having considered the parties' submissions, the Court resolves the Motions without oral argument. FED. R. CIV. P. 78(b); D.N.J. LOC. CIV. R. 78.1(b). For the reasons that follow, PHH's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. For this reason, the Court **VACATES**

the Clerk's Entry of Default Judgment against NEWREZ, and **DENIES AS MOOT** Plaintiff's Motion for Default Judgment and NEWREZ's Cross-Motion to Vacate. While the Court will **DENY** Plaintiff's Motion for Leave to Amend for futility, the Court will nevertheless permit Plaintiff to file an amended complaint within thirty (30) days addressing the deficiencies identified below. If Plaintiff elects not to file an amended complaint, the Court will deem the Complaint dismissed with prejudice.

## I. BACKGROUND

On November 13, 2025, Plaintiff filed suit against Defendants alleging malfeasance in connection with a mortgage loan modification program that purportedly resulted in an ill-begotten foreclosure sale scheduled for December 29, 2025. *See* [Docket No. 1 ("Compl.").] To halt the sale, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction alongside the Complaint. [Docket No. 2.] Apart from those peculiar to his request for preliminary relief, the Court noted the following deficiencies preventing proper review thereof, which bear on the instant Motion to Dismiss, and ordered Plaintiff to address the following: a lack of "short and plain" statements supporting his claims—notably the unreferenced 82 pages of exhibits attached to the Complaint—and jurisdictional doubts in light of a Final Judgment entered by the Salem County Superior Court, Chancery Division, authorizing the foreclosure sale and satisfy outstanding sums. [Docket No. 13.] In the meanwhile, PHH had filed the Motion to Dismiss on December 16, 2025, which is fully briefed. [Docket No. 11-1 ("PHH Br. in Support of MTD"), 15 ("Pl. Opp. Br. to MTD").]

After receiving his Response, [Docket No. 14 ("Pl. Resp. to Ct. Order")], the Court relevantly denied Plaintiff's request for emergency relief without prejudice for not satisfying his burden of demonstrating subject matter jurisdiction and for not complying with the

mandates of Federal Rule of Civil Procedure 8. [Docket Nos. 16–17.] Of note, the Court remarked that Plaintiff's Response addressed none of the Court's jurisdictional concerns. [Docket No. 16, at 5.] Notably absent was any attempt by Plaintiff to dissuade application of the *Rooker-Feldman* doctrine "to the extent [he] seeks to appeal from the state court's foreclosure judgment, which appear[ed] likely." [*Id.* at 4 (citations and internal quotation marks omitted).] The Court also found Plaintiff's Response "not much more than a laundry list of legal claims completely shorn of factual support," nor did it "attempt to incorporate and explain the 82 pages of exhibits attached to the Complaint." [*Id.* at 6 (citation omitted).]

Following denial—and these lingering pleading defects—March 2, 2026, saw a flurry of filings from Plaintiff. He filed first the Motion for Leave to Amend. [Docket No. 18.] Plaintiff concurrently filed a Request for Clerk's Entry of Default as to NEWREZ, which the Clerk of the Court entered that day.[1] [Docket No. 20.] Three days later Plaintiff filed the Motion for Default Judgment against NEWREZ, which is now fully briefed.[2] [Docket Nos. 21, 23-1, 24.]

## II. STANDARD OF REVIEW

PHH moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See* [PHH Br. in Support of MTD.] NEWREZ moves to vacate the Clerk's Entry of

---

[1] Plaintiff also informed the Court that day that he had filed a Chapter 13 bankruptcy petition in this District. [Docket No. 19.] That petition poses no bar to review because the Bankruptcy Court—with the consent of the parties before it, including Plaintiff—modified the bankruptcy stay and discretionarily abstained from its own jurisdiction to "allow the District Court to proceed with th[is] litigation." Order Abstaining and Granting Relief from the Automatic Stay, *In re Jarvis Robinson*, 26-1101 (Bankr. D.N.J. July 2, 2026).

[2] Plaintiff's self-styled "Reply"—which is really a sur-reply submitted on the heels of Plaintiff's own Reply—filed without leave will not be considered by this Court. [Docket No. 25]; *see* D.N.J. LOC. CIV. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned."). Even if it were, the proposed filing would not alter the outcome of this Opinion for the reasons that follow.

Default against it through Federal Rule of Civil Procedure 55. Those requests are evaluated as follows, accounting for a liberal reading of Plaintiff's filings. *See Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**A. Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). "The former," as is the case here, "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis*, 824 F.3d at 346 (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When considering a 12(b)(6) motion to dismiss, a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350–51 (3d Cir. 2005) (citations omitted). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). The proper role of the district court in reviewing the sufficiency of a complaint is thus limited: the issue is not "whether the plaintiffs will ultimately prevail" but "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000). "When presenting a Rule 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim." *Davis*, 824 F.3d at 349 (citation omitted). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

**C. Rule 55**

Courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. FED. R. CIV. P. 55(b)(2); *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "Entries of default are generally disfavored and courts should, in doubtful cases, set aside entries of default or default judgments in order to allow cases to be decided on their merits." *Romero v. Cnty. of Bergen*, No. 14-6804, 2016 WL 6406214, at *4 & n.53 (D.N.J. Oct. 26, 2016) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984)). The decision to set aside an entry of default of default judgment is left to the sound

discretion of the district court. *See Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137–38 (3d Cir. 2017).

If a Clerk enters a default and a party moves for default judgment, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *2 (D.N.J. March 2, 2017). In assessing a motion for default judgment, courts accept all well-pled factual allegations as true—other than those regarding damages—but do not accept a plaintiff's legal conclusions. *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. DISCUSSION

### A. PHH'S Motion to Dismiss

PHH moves for dismissal on four grounds: the *Rooker-Feldman* doctrine; *res judicata*; the Entire Controversy doctrine; and failure to state a claim. [PHH Br. in Support of MTD § 1.] For much the same reasons expressed by the Court in its Order denying Plaintiff's request for preliminary relief, PHH's request for dismissal is granted.

#### 1. The *Rooker-Feldman* Doctrine

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 424 (2026). As relevant here, Plaintiff has invoked this Court's federal question jurisdiction codified in 28 U.S.C. § 1331. *See* [Pl. Resp. to Ct. Order 1–2 ("[T]his Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. [§] 1331."); Pl. Opp. Br. to MTD

2 ("This Court [h]as [f]ederal [q]uestion [j]urisdiction.").] The issue is that now, as before, Plaintiff has not assured this Court that it can exercise federal question jurisdiction because of the *Rooker–Feldman* doctrine. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.").

The *Rooker–Feldman* doctrine—so named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)—states that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate … claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *Marks v. Stinson*, 19 F.3d 873, 885 n.11 (3d Cir. 1994) (citation and internal quotation marks omitted); *see T. M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S.----, 146 S. Ct. 1739, 1744 (2026) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) ("Under what has become known as the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

There are four requirements for the doctrine to apply: "(1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment."[3] *Gage v. Wells Fargo Bank, NA AS*,

---

[3] In *T. M.*, the Supreme Court of the United States rejected the notion that only final judgments rendered by the highest court of a State in which a decision could be had triggers the *Rooker-Feldman* doctrine. *See generally* 146 S. Ct. 1739. Whether the Final Judgment at issue here is undergoing appellate review (or if Plaintiff waive that avenue) matters not then.

521 F. App'x 49, 50–51 (3d Cir. 2013) (per curiam) (citing *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). In short, *Rooker-Feldman* prevents a plaintiff from seeking relief in federal court if such relief "would prevent a state court from enforcing its orders." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

"In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment." *Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-8953, 2018 WL 1128498, at *4 (D.N.J. Mar. 1, 2018) (collecting cases); *see Pitts v. Bayview Loan Servicing, LLC*, No. 18-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018) (citation omitted) (explaining that requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine"). Thus, to the extent Plaintiff "seeks to 'appeal from' the state court's foreclosure judgment," the Complaint is jurisdictionally barred under the *Rooker-Feldman* doctrine. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008); *Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred district court from hearing claims that would negate state court judgment in foreclosure action); *Dansby v. Bleiweis*, No. 23-00403, 2024 WL 1092508, at *4 (D.N.J. Mar. 13, 2024) ("Moreover, to the extent that Plaintiff's claims ask this Court to redress an injury caused by the State Court [foreclosure] judgment, the *Rooker–Feldman* Doctrine also bars Plaintiff's claims.").

Factors one and three are uncontested: On October 24, 2025—nearly three weeks before Plaintiff filed the Complaint—the Salem County Superior Court, Chancery Division, entered a Final Judgment against Plaintiff authorizing the foreclosure sale. [PHH Br. in Support of MTD, Ex. A.] The crux of the present query then is whether Plaintiff is asking

this Court to review the "bona fides of the prior judgment." *In re Phila. Entm't & Dev. Partners*, 879 F.3d 492, 503 (3d Cir. 2018) (quoting *Great W. Mining & Min.*, 615 F.3d at 169).

This too appears unchallenged. By filing this federal lawsuit, Plaintiff seeks: "an emergency order to halt the foreclosure sale;" a preliminary injunction "to immediately halt any ongoing foreclosure or eviction process while th[is] lawsuit is pending;" "a final order … permanently stopping the foreclosure;" a quiet-title declaration that he is "the rightful owner of the property and that the mortgage company's claim is invalid due to their fraudulent actions;" and a "declaratory judgment that … [D]efendants violated [his] rights making the illegal foreclosure invalid under the laws of the United States." [Compl. 7–8.]

Revealingly, Plaintiff responded to the Court's *Rooker–Feldman* concerns with "silence." [Docket No. 16 (citing Pl. Resp. to Ct. Order).] And despite PHH explicitly moving for dismissal based on *Rooker–Feldman* doctrine, Plaintiff did not challenge that jurisdictional bar whatsoever. *See* [Pl. Opp. Br. to MTD.] In fact, he all but confirmed it, responding that "[t]he facts of this *wrongful foreclosure* ha[ve] violated federal laws." [*Id.* at 2 (emphasis added).] Those federal laws being Plaintiff's causes of action. [*Id.*] Taken together, the Court must conclude that "the only 'injury Plaintiff[] allege[s] is the loss of [his] home, which could not have occurred but for the Final … Judgment issued by the Superior Court." *Pitts*, 2018 WL 6243037, at *3.

For this reason, Plaintiff fails to persuade this Court of its subject matter jurisdiction. PHH's Motion to Dismiss is accordingly **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff's Motion for Leave to Amend does not cure this jurisdictional defect, it is **DENIED** as futile. *See* [Motion for Leave to Amend]; *Kajla*, 2018 WL 1128498, at *3 ("[T]he Court may deny a motion to amend where … amending the

pleading would be futile."). This notwithstanding, the Court will allow Plaintiff, proceeding *pro se*, to file an amended complaint to address this and other deficiencies identified herein because "justice so requires." FED. R. CIV. P. 15(a)(2).

**2. *Res Judicata* and the Entire Controversy Doctrine**

Because the Court will allow Plaintiff the chance to remedy the jurisdictional deficiency identified above, the Court wishes to direct him to another deformity that could doom his cause: *res judicata* and New Jersey's expansive Entire Controversy doctrine. Under federal law, *res judicata* determines whether a state court judgment has preclusive effect in a subsequent federal action. *See Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 WL 7325473, at *6–7 (D.N.J. Dec. 16, 2016); *see also Moncrief*, 275 F. App'x at 153. Three elements establish preclusive effect: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). *Res judicata* not only applies to claims (or defenses) raised in the prior action, "but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

New Jersey's unique brand of *res judicata* is the Entire Controversy doctrine, "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999); *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). In essence, the doctrine requires a party to bring all claims arising out of the same transaction or occurrence against all relevant parties or risk losing those claims forever in a subsequent action. *See Sheldrick*, 2016 WL 7325473, at *7 (citing *Rycoline Prods.*,

109 F.3d at 885). New Jersey Court Rule 4:64–5 defines permissible claims in mortgage foreclosure actions as those which are "germane" to the foreclosure—claims which "arise out of the mortgage that is the basis of the foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 472 (3d Cir. 2011); *In re Mullarkey*, 536 F.3d at 229–30; *see also* N.J. CT. R. 4:30A.

"The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." *In re Mullarkey*, 536 F.3d at 229. In other words, any claim challenging the foreclosure-plaintiff's "right to foreclose" is "germane" to a foreclosure action and must be raised there. *Sun NLF Ltd. v. Sasso*, 713 A.2d 538, 540 (N.J. App. Div. 1988). Thus, New Jersey Court Rule 4:65–5 and the Entire Controversy doctrine encompass all statutory, common law, and constitutional claims relating to a foreclosure action and the underlying mortgage or tax transaction that led to the foreclosure. *Bembry v. Twp. of Mullica*, No. 16-5734, 2017 WL 3033126, at *3 (D.N.J. July 17, 2017).

Insofar as the Court can discern Plaintiff's specific claims, each appears to arise out of the underlying mortgage and at or before entry of the Final Judgment. *See* [Compl.] Thus the Complaint is likely completely barred by either *res judicata* or the Entire Controversy doctrine. Of course, to the extent the complained-of harm occurred after the entry of the Final Judgment but whose remedy would interfere with the Final Judgment's enforcement, *Rooker–Feldman* would bar that claim for the reasons explicated above.

### B. Plaintiff's Motion for Default Judgment and NEWREZ's Cross-Motion to Vacate

The Court's jurisdictional finding simultaneously disposes of Plaintiff's Motion for Default Judgment and NEWREZ's Cross-Motion to Vacate. As explained above, Plaintiff has not satisfactorily demonstrated that this Court possesses subject matter jurisdiction over this matter. It stands to reason that this Court therefore was powerless to enter an Entry of Default against NEWREZ. Pursuant to its *sua sponte* authority to do so, the Court **VACATES** the Clerk's Entry of Default against NEWREZ. *See Galterio v. SCI Fayette, Dep't of Corr.*, No. 23-1287, 2024 WL 1095679, at *1 (W.D. Pa. Mar. 13, 2024) (rejecting plaintiff's contention that court did not possess *sua sponte* authority to set aside entry of default because "nothing" in Rule 55 "requires the [c]ourt to wait for a defendant's motion to vacate before doing so" and "if there were any doubt about it, the Third Circuit has put that doubt to rest, affirming a district court's decision to *sua sponte* set aside a default."). Seeing that there is now no entry of default against NEWREZ, Plaintiff's Motion for Default Judgment and NEWREZ's Cross-Motion to Vacate are **DENIED AS MOOT**.

## IV. CONCLUSION

As this Court lacks jurisdiction over this matter, PHH's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. For this reason too, the Court **VACATES** the Clerk's Entry of Default Judgment against NEWREZ, and **DENIES AS MOOT** Plaintiff's Motion for Default Judgment and NEWREZ's Cross-Motion to Vacate. Although the Court **DENIES** Plaintiff's Motion for Leave to Amend for not curing the jurisdictional deficiency, the Court will allow *pro se* Plaintiff to file an amended complaint doing so (as well as other deficiencies identified herein) within thirty (30) days because

"justice so requires." If Plaintiff elects to not file an amended complaint, the Court will deem the Complaint dismissed with prejudice. An accompanying Order shall issue.

**July 30, 2026**
Date

**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge